IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CESAR CANALES, | ) | Case No. 5:18-cv-1857 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| DAVID GRAY, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | (Resolving ECF Docs. 3, 4 & 5) |
| | ) | |

This matter comes before the court on petitioner's motion for bond (ECF Doc. 3), motion for appointment of counsel (ECF Doc. 4), and on his motion for appointment of investigator (ECF Doc. 5).

**I.  Motion for Bond (ECF Doc. 3)**

In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May,* 13 L. Ed. 2d 6, 9, 85 S. Ct. 3 (1964)(Douglas, J., in chambers); see *Martin v. Solem*, 801 F.2d at 329-330; *Iuteri v. Nardoza*, 662 F.2d at 161.  There will be few occasions where a prisoner will meet this standard. *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990).

Canales recognizes that bail is rarely ordered on habeas petitions.  However, he believes that his is the "unusual case where an unlawful conviction deprived him of his life and liberty."

This argument is asserted by nearly all habeas petitioners. It is not an exceptional circumstance deserving special treatment. Nor are his desire to find a job and save money or his "reluctance to wear a court monitor bracelet" reasons supporting his request for release on bond. Canales has failed to show that the court should release him on bond during the pendency of his petition. His motion for bond pending petition (ECF Doc. 3) is hereby DENIED.

## II. Motion for Appointment of Counsel (ECF Doc. 4) and Motion for Appointment of Investigator (ECF Doc. 5)

AEDPA's § 2254(i) provides: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). This provision is grounded in the well-settled rule that the constitutional right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987). Accordingly, there is no constitutional right to appointed counsel in habeas cases, *McCleskey v. Zant,* 499 U.S. 467, 494, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991), or during state post-conviction collateral review, *Coleman*, 501 U.S. at 752-53. And, as there is no constitutional right to an attorney in post-conviction proceedings, a habeas petitioner cannot claim unconstitutional deprivation of effective assistance of counsel in such proceedings. *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425 (6th Cir. 2003) (citing *Coleman*, 501 U.S. at 752-53).

Canales states that he "do not understand English" and he had help preparing his petition. Despite these statements, Canales filed his habeas petition and three different motions requesting bond, counsel, and an investigator. He was able to do so without assistance from counsel and despite the difficulties expressed in his motion for appointment of counsel. Petitioner does not have any right to appointed counsel in this case and has not set forth any reason persuading this

2

court to appoint counsel. Similarly, Canales is not entitled to an investigator to be a "game changer in this action and aid his grant of writ of habeas corpus." ECF Doc. 5 at Page ID# 32. Canales' motions for appointment of counsel (ECF Doc. 4) and for an investigator (ECF Doc. 5), both seeking assistance on his case are not well taken and are hereby DENIED.

**III.     Conclusion**

Because Canales has not shown any extraordinary circumstances in this case requiring special treatment, the court DENIES his motion for bond pending petition (ECF Doc. 3), his motion for appointment of counsel (ECF Doc. 4), and his motion for appointment of investigator (ECF Doc. 5).

**IT IS SO ORDERED.**

Dated: August 31, 2018

Thomas M. Parker
United States Magistrate Judge