UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CESAR CANALES,** | ) | **CASE NO. 5:18CV1857** |
| | ) | |
| Petitioner, | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| vs. | ) | |
| | ) | |
| **DAVID GRAY, Warden,** | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter comes before the Court on Petitioner Cesar Canales' Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 1). For the following reasons, the Court **ADOPTS AND ACCEPTS** the Magistrate Judge's Report and Recommendation (Doc. 17) and **DISMISSES** the Petition as procedurally defaulted.[1]

### BACKGROUND INFORMATION

The following is a procedural synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more complete and detailed discussion.

A Stark County Grand Jury indicted Defendant with two counts of Rape, in violation of Ohio Revised Code § 2907.02(A)(1)(b) (Counts One and Two); and two counts of Gross Sexual Imposition, in violation of R.C. § 2907.05(A)(4) (Counts Three and Four). After proceeding to

---

[1] With the filing of this Opinion and Order, Petitioner's Motion for Status Report (Doc. 22), where he essentially asks for a ruling, is **GRANTED**.

trial, the Jury found Petitioner guilty on all counts. The Trial Court merged the convictions for Gross Sexual Imposition with the Rape convictions and sentenced Petitioner to indefinite prison terms of life imprisonment, with parole eligibility in 15 years on one Rape count and 10 years on the other Rape count, to be served concurrently.

Defendant appealed his convictions and sentence. After granting him permission to file a delayed appeal, the Ohio Court of Appeals affirmed the conviction and sentence. Petitioner did not timely seek relief with the Ohio Supreme Court.

Instead, Petitioner filed a *pro se* petition for post-conviction relief while his case was pending in the appeals court. The State moved to dismiss and the Trial Court granted the motion. Petitioner did not appeal this decision.

Petitioner did, however, seek a delayed appeal to the Ohio Supreme Court. On December 6, 2017, the Ohio Supreme Court denied Petitioner's request and dismissed his case.

On July 17, 2018, Petitioner executed his Petition for habeas relief. He asserted the following Grounds for Relief:

> **GROUND ONE:** Petitioner's conviction of Count 1 (Statutory Rape), Count 2 (Statutory Rape), with two counts of Gross Sexual Imposition, and designation as a Tier III sex offender pursuant to R.C. Chapter 2950 are based on insufficient evidence, and there is no evidence in the state trial court of guilt beyond a reasonable doubt, and his imprisonment violates *Jackson v. Virginia*, 443 U.S. 307.
>
> **GROUND TWO:** Petitioner's conviction is against the weight of the evidence in violation of *Tibbs v. Florida*, 457 U.S. 31 and *In re Winship*, 397 U.S. 358.

(Doc. 1, PageID: 19) (cleaned up).

On August 23, 2018, the Court automatically referred the Petition to Magistrate Judge Thomas M. Parker for a Report and Recommendation. On December 13, 2019, the Magistrate

Judge issued his Report and Recommendation, in which he recommended the Court dismiss the Petition as procedurally defaulted. (Doc. 17).[2] After receiving a brief extension, Petitioner filed his Objection on January 13, 2020. (Doc. 20).

## STANDARD OF REVIEW

A habeas petitioner must exhaust State court remedies prior to petitioning for a writ of habeas corpus in Federal court. 28 U.S.C. § 2254(b)–(c). Claims not stated before State courts while remedies are available, or before procedural rules prevent State courts from reaching the merits of claims, are procedurally defaulted and a Federal court may not consider them. *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000). Absent either cause and prejudice, or the potential to result in a fundamental miscarriage of justice, a Federal court will not reach the merits of claims that have been procedurally defaulted in State court by a State prisoner in his direct appeal. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *William v. Anderson*, 460 F.3d 789, 805-06 (6th Cir. 2006).

Cause is found when a habeas petitioner demonstrates that "'some objective factor external to the defense prevented the petitioner's compliance with a State procedural rule." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Prejudice requires the petitioner to demonstrate "that the trial was infected with constitutional error." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006).

Finally, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[2] The Magistrate Judge also found that the Grounds for Relief were non-cognizable (Ground Two) and meritless (Ground One). He further recommended dismissal on these grounds. (Doc. 17).

ANALYSIS

The Magistrate Judge found that Petitioner procedurally defaulted both Grounds for Relief. Moreover, Petitioner had not demonstrated either cause and prejudice or actual innocence to excuse his procedural default. Petitioner does not seem to challenge the Magistrate Judge's determination of procedural default.³ But Petitioner does claim the Court should entertain the merits of his case due to exceptional circumstances. In advancing such an argument, Petitioner claims he presented an adequate cause for his procedural default, which caused prejudice. He also reiterates that he is innocent.

The Court agrees with the Magistrate Judge. For cause, Petitioner relies on the same excuses as he did before the Ohio Supreme Court: 1) his English is poor and he needs an interpreter; 2) the prison law clerk did not provide adequate assistance; and 3) he actually filed his request soon after accessing the institutional law library. (Doc. 13-1, PageID: 160-172). Just as the Ohio Supreme Court found these reasons unpersuasive, so does the Court. As mentioned above, Petitioner must show that 'some objective factor external to the defense' that prevented him from complying with Ohio procedural rules. *Bonilla*, 370 F.3d at 498. According to the Sixth Circuit, "unfamiliarity with the English language is insufficient to establish cause to excuse…procedural default because such alleged unfamiliarity is not external to" Petitioner's defense. *Id.* Moreover, improper assistance from a prison law clerk is a similarly insufficient reason. *See Gaona v. Moore*, 2014 WL 1664545 (S.D. Ohio Apr. 25, 2014), Report and Recommendation adopted by 2014 WL 2208898. Ultimately, a petitioner's pro se status and limited access to the prison law library are insufficient to establish cause to excuse procedural

---

³ Much of Petitioner's objection is a copy and paste from his Traverse before the Magistrate Judge. (Compare Doc. 16, PageID: 667-681, with Doc. 20, PageID: 714-728). While this is an improper objection under the rules, Petitioner's objections to the procedural default recommendation are new. Accordingly, the Court addresses those here.

default. *Bonilla*, 370 F.3d at 498. Since Petitioner relies on these arguments, his objection fails and he has not established cause to excuse his procedural default.

Nor has Petitioner established his innocence to avoid his procedural default. In his Objection, Petitioner again argues that his Affidavit presented sufficient evidence of his actual innocence. The Magistrate Judge overruled this argument, questioning the nature of Petitioner's own Affidavit and finding that the Affidavit did not present any new evidence. Again, after review of Petitioner's Affidavit, the Court agrees with the Magistrate Judge. In order to fall within this exception to procedural default, Petitioner must present new reliable evidence of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324 (1995), like "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" not presented at trial, *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005). Petitioner's Affidavit does not present this 'new reliable evidence.' Instead, it recalls testimony before the Trial Court, ultimately questioning the truthfulness of the witnesses. The Court agrees with the Magistrate Judge that this is not new evidence as Petitioner could have presented these same arguments at trial. Accordingly, since Petitioner did not present any new and reliable evidence to establish his actual innocence, he has failed to justify an excuse for his procedural default.

## Conclusion

For the foregoing reasons, the Court **ADOPTS AND ACCEPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** Petitioner's Petition (Doc. 1) under 28 U.S.C. § 2254 for Writ of Habeas Corpus as procedurally defaulted.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of

appealability.  28 U.S.C. § 2253(c)(2); Fed. R. App. R. 22(b); Rule 11 of Rules Governing § 2254 Cases.

      **IT IS SO ORDERED.**

                                                 s/ Christopher A. Boyko  
                                                 **CHRISTOPHER A. BOYKO**  
                                                 **Senior United States District Judge**

**Dated: July 20, 2021**